**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY SPENCER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-1913 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES, *et al.*, | : | |
| | : | |
| Defendants | | |

**MEMORANDUM**

I.   **Background**

Plaintiff, Anthony spencer, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the above caption Bivens[1] action pursuant to 28 U.S.C. §1331. (Doc. 1). He claims he was subjected to a strip search in violation of his First, Fourth, Fifth, Sixth and Eighth Amendment rights while imprisoned. Id. The named Defendants are the United States of America and Corrections Officer B. Lusk. Id. Plaintiff requests to proceed *in forma pauperis*. (Doc. 3).

At this time, the Court must review the complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(a) to determine whether it should be

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Court will grant Plaintiff's application for leave to proceed *in forma pauperis* and the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

II.    **Legal Standard**

A. **Screening and Dismissal of Prisoner Complaints**

Under 28 U.S.C. §1915A, federal district courts must "review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. See 28 U.S.C. §1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. See 28 U.S.C. §1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious [or] fails to state a claim on which relief may be granted...."); 42 U.S.C. §1997e(c)(1)

("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. See Mitchell v. Horn, 381 F.3d 523, 530 (3d Cir. 2003) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under §1915A(b)(1), §1915(e)(2)(B)(ii), or §1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to §1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are

facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth;

and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

### B. Bivens Claims

A Bivens civil rights action asserted under 28 U.S.C. §1331 is evaluated using the same standards applicable to a 42 U.S.C. §1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

- 5 -

III.   **Factual Allegations**

Plaintiff claims that on October 14, 2021, while housed in the SHU, he was "ordered by C.O. Lusk to leave [his] assigned cell and proceed to a holding cell" which "was very small, no toilet, no window, [and] no sink." (Doc. 1 at 4). Upon his arrival, he "noticed another inmate standing inside the cell." Id. Plaintiff states that he "asked C.O. Lusk which holding cell [he] was being told to enter (there are two holding cells side by side, but separated by a brick wall, generally when there are two inmates, one inmate is placed in each holding cell)" and "C.O. Lusk directed [Plaintiff] to enter the holding cell that was occupied by inmate White." Id.

After Plaintiff entered the cell, C.O. Lusk "directed [Plaintiff] and inmate White to take off all [their] clothing." Id. Plaintiff asked "if [he] could be stripped searched in a separate holding cell, without another inmate present as it goes against [his] religion as a Muslim and dignity as a man." Id. C.O. Lusk denied Plaintiff's request by "giving [him] a direct order to strip and submit to a fully body search in the presence of others." Id.

Plaintiff claims that he "suffered mental, emotions stress; humiliation and embarrassment [and] a violation of his religious beliefs." Id. For relief, he seeks compensatory and punitive damages. Id.

## IV.    Discussion

### A. Damages Barred by the PLRA

Plaintiff requests damages on the basis that he "suffered" through a strip search which made him feel "mental, emotional stress, humiliation and embarrassment". (Doc. 1 at 5.) The PLRA, however, provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." See 42 U.S.C. §1997e(e). Section 2246 defines a "sexual act" as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. §2246(2). To recover for mental or emotional injury suffered while in custody, therefore, "a prisoner bringing a §1983 action must demonstrate

less than significant, but more than a *de minimus* physical injury." See Marrow v. Pennsylvania, No. 1:18-cv-931, 2018 WL 4963982, at *4 (M.D. Pa. Oct. 15, 2018) (citing 42 U.S.C. §1997e(e); Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003)).

In the instant case, the allegations set forth in Plaintiff's complaint fail to demonstrate that he suffered a physical injury from the strip search or that anything constituting a "sexual act" under §2246(2) occurred during the strip search. Therefore, Plaintiff is unable to recover monetary damages because he did not suffer a physical injury or endure the commission of a sexual act during the strip search. For this reason alone, Plaintiff's complaint is subject to dismissal. See Marrow, 2018 WL 4963982, at *4 (concluding same); see also Rager v. Delbalso, No. 3:15-cv-2343, 2016 WL 2610019, at *2 (M.D. Pa. May 6, 2016).

### B. Strip Search Allegations

An inmate's challenge to a strip search is cognizable under section 1983 under the Fourth and Eighth Amendments.[2] See Williamson v.

---

[2] Plaintiff also alleges that his strip search violated his Sixth Amendment. (Doc. 1). However, nothing in Plaintiff's complaint implicates any right secured by the Sixth Amendment. See Rega v. Sw. Area Agency on Aging, 2017 WL 3447889, at *6 (W.D. Pa. July 6, 2017) (holding that Sixth Amendment guarantees only apply to "criminal prosecutions") (citing Kirby v. Illinois, 406 U.S. 682, 690 (1972)). See also Clouser v. Johnson, 684 Fed.
*(footnote continued on next page)*

Case 3:22-cv-01913-MEM-DB    Document 7    Filed 01/10/23    Page 9 of 13

Garman, No. 3:15-cv-1797, 2017 WL 2702539, at *4 (M.D. Pa. June 22, 2017) (citing Bell v. Wolfish, 441 U.S. 520, 558-60 (1979)). To set forth a plausible Fourth Amendment claim, an inmate must allege that the strip search was unreasonable. See Marrow v. Pennsylvania, No. 1:18-cv-931, 2018 WL 4963982, at *4 (citing Payton v. Vaughn, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992)). The Eighth Amendment applies when an inmate alleges that the strip search was conducted in a physically abusive manner. See Jordan v. Cicchi, 428 F. App'x 195, 199-200 (3d Cir. 2011); Robinson v. Ricci, No. 09-2023, 2012 WL 1067909, at *17 n.6 (D.N.J. Mar. 29, 2012) (explaining that the "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner").

In the instant case, nothing in the complaint suggests that the strip search of Plaintiff was conducted in a physically abusive manner such that the Eighth Amendment is implicated. See Hudson v. McMillian, 503 U.S. 1, 7 (1992) (noting that, to state an Eighth Amendment claim for excessive

---

Appx. 243, 247 (3d Cir. 2017); Anderson v Venango County, Pa., 458 Fed. Appx. 161, 164 (3d Cir. 2012) ("to prevail on a §1983 claim predicated on the [Sixth Amendment's] right to a fair trial, the plaintiff must show that the government's alleged pretrial misconduct resulted in an unfair trial.") (citations omitted). Spencer provides no evidence or allegations connecting his lawsuit to a criminal prosecution.

- 9 -

force, an inmate must allege that force was used maliciously and sadistically to cause harm).

Moreover, while a strip search can constitute a "significant intrusion on an individual's privacy," see United States v. Whitted, 541 F.3d 480, 486 (3d Cir. 2008), strip searches do not violate the Fourth Amendment in the prison and jail setting when officials conduct searches "in a reasonable manner to maintain security and to prevent the introduction of contraband or weapons in the facility." See Marrow, 2018 WL 4963982, at *5 (citing Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 621 F.3d 296, 309-11 (3d Cir. 2010); Millhouse v. Arbasek, 373 F. App'x 135, 137 (3d Cir. 2010)). Prison officials may also conduct strip searches absent probable cause. See Jones v. Luzerne Cty. Corr. Facility, No. 3:10-cv-359, 2010 WL 3338835, at *8 (M.D. Pa. Aug. 23, 2010) (noting that "inmates do not have a right to be free from strip searches").

Furthermore, Plaintiff's allegation that the strip search was demeaning, and embarrassing is insufficient to maintain a constitutional claim. See Millhouse, 373 F. App'x at 137 (noting that strip searches, "even if embarrassing and humiliating, do not violate the [C]onstitution"); see also Watson v. Beard, No. 09-87J, 2013 WL 4648323, at *9 (W.D. Pa. Aug. 28, 2013) (concluding that the inmate-plaintiff's characterization of strip

searches as "sexual abuse" did not demonstrate a violation of the Constitution). Nothing in the complaint suggests that it was unreasonable for the correctional officer to perform a strip search of Plaintiff and the other inmate.

Moreover, there is no violation of Plaintiff's constitutional rights by conducting the strip search in front of other inmates and with female officers present. See Marrow, 2018 WL 4963982, at *5 (concluding that a strip search conducted in the presence of female officers did not violate the inmate-plaintiff's constitutional rights); Illes v. Beard, No. 1:12-cv-964, 2013 WL 2285565, at *5 (M.D. Pa. May 23, 2013) (citing cases concluding that strip searches may be conducted in the presence of staff and other inmates).

Finally, The Third Circuit has held that Bivens may not be extended to Free Exercise claims[3], so Spencer's Free Exercise claim is subject to

---

[3]The Supreme Court has recognized an implied private action against federal officials in only four cases: (1) Bivens itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) Davis v. Passman, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; (3) Carlson v. Green, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment; and (4) Farmer v. Brennan, 511 U.S. 825 (1994), which concerned a claim under the Eighth Amendment against prison officials for failure to protect a prisoner from violence by another prisoner. Consequently, *(footnote continued on next page)*

dismissal on that basis. See Mack v. Warden Loretto FCI, 839 F.3d 286, 305 (3d Cir. 2016) ("[N]either the Supreme Court nor this Court has ever extended Bivens to Free Exercise claims. In view of RFRA's broad protections for religious liberty, we decline to do so here.").

The Court, therefore, concludes that the strip search challenged by Plaintiff fails to rise to the level of a violation of the First, Fourth and Eighth Amendments.

## V.  Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915A, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff's underlying factual claims fail to rise to the level of a violation of the First, Fourth or Eighth Amendment claim,  granting leave to amend would be futile. Thus, the Court will dismiss the Plaintiff's §1331 claims without leave to amend.

---

any claim that Plaintiff may raise regarding the strip search violating his  Fifth Amendment is subject to dismissal.

- 12 -

## VI.   Conclusion

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 10, 2023**
22-1913-01